Jardine v Landmark Health, LLC (2025 NY Slip Op 51134(U))

[*1]

Jardine v Landmark Health, LLC

2025 NY Slip Op 51134(U)

Decided on July 22, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 22, 2025
Supreme Court, New York County

Rod Jardine, Plaintiff,

against
Landmark Health, LLC, Defendant.

Index No. 656811/2020

Robert R. Reed, J.

The court received correspondence from the parties pursuant to Commercial Division Rule 14 on July 9, 2025. The parties' discovery dispute relates to a request for an extension of the Commercial Division deposition time limit of seven (7) hours. A conference was held on July 10, 2025. Monica Hincken appeared on behalf of plaintiff, and Scott Baken and Poonam Sethi appeared on behalf of defendant.
Defendant seeks an extension of the deposition time limit pursuant to New York Uniform Rules for the Supreme Court § 202.20-b (f). Defendant deposed the plaintiff on July 8, 2025. Defendant purportedly completed the liability portion of the deposition but was unable to complete its examination on damages within the allotted seven-hour time frame. Defendant submits that it was unable to complete the deposition due to the voluminous nature of the documents in the case and due to the allegedly lengthy testimony elicited regarding plaintiff's litigation history, employment history and whistleblowing allegations. Defendant requests that plaintiff appear for an additional three (3) hours of testimony.
Plaintiff objects on the ground that good cause has not been shown to warrant an extension of the deposition time limit. According to plaintiff, defendant was fully aware of the seven-hour limit, did not request to keep the deposition open, and received a timely warning that the time limit was close to expiring.
Commercial Division Rule 11-d (22 NYRR 202.70) mirrors the New York Uniform Rules for the Supreme Court § 202.20-b, and provides that, for good cause shown, the court may alter the limits on the number of depositions or the duration of an examination. "The decision whether or not to enlarge the amount of time for examination of a deponent is a factual decision, depending on the circumstances of the individual case" (see Carmody v Vill. of Rockville Ctr., 2007 WL 2177064, at *2 [EDNY July 27, 2007]). "Good cause" is not explicitly defined by the commercial division rules or the Uniform Rules for the Supreme Court.
In opposing defendant's application plaintiff relies upon the Appellate Division decision in Wanliss v Retina Assoc of NY PC (230 AD3d 1270 [2d Dept 2024]). In Wanliss, the court denied plaintiff's request to compel defendant to sit for a further deposition. There, the court held that the plaintiff did not demonstrate sufficient cause to extend the deposition, which had already proceeded for more than 10 hours, as there was no evidence of improper conduct or obstruction that caused the delay.
Similar to Wanliss, the parties here have not identified any improper or obstructionist conduct that unreasonably delayed the deposition. Unlike the plaintiff in Wanliss, however, the defendant here adhered to the seven-hour examination time limit but was not afforded any additional time, as a courtesy, to complete its questioning.
Here, there is no argument that the deposition was unreasonably delayed by irrelevant questioning. There has been no objection to the scope of defendant's proposed further examination, and plaintiff has made no argument that he would be prejudiced by his continued appearance. As there are no real complaints regarding the conduct of counsel, and no argument that the further deposition would impermissibly explore new theories or topics not reached during the initial examination, the court finds that an additional three (3) hours of examination solely on plaintiff's damages will not be unduly prejudicial to plaintiff. Extensions of the deposition time have been permitted in cases where a defendant did not have a meaningful opportunity to depose the plaintiff due to constraints arising out of the nature of the litigation (see Bender v Del Valle, 007 WL 1827839, at *3 [SDNY June 25, 2007][granting the City defendant one additional hour of deposition time because it appeared that the City was denied any opportunity to inquire about the events of the action during plaintiff's prior deposition]).
Accordingly, it is hereby
ORDERED that plaintiff shall appear for a further deposition to be held virtually on a date and at a time mutually convenient for all parties, but no later than August 8, 2025; and it is further
ORDERED that the scope of the deposition shall be limited to plaintiff's damages claims and shall not exceed three (3) hours, exclusive of breaks and/or lunch; and it is further
ORDERED that the parties shall appear for a virtual status conference on October 14, 2025 at 10 am, and comply with the following discovery schedule:
a) Defendant and non-party depositions shall be completed by August 15, 2025;
b) Initial expert reports shall be exchanged no later than September 26, 2025;
c) Expert depositions shall be completed no later than November 28, 2025;
d) The note of issue shall be filed no later than December 19, 2025.
DATE July 22, 2025
ROBERT R. REED, J.S.C.